United States District Court
Southern District of Texas
FILED

NOV 8 2012

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § § | CRIMINAL NO.<br>H 12 -691 |
| WILLIAM CRAIG NOONAN | | |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:



### INTRODUCTION

At all times material to this Indictment:

1. The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2. The term "child pornography", for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

> "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -
> (A) the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct;

3. The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2), as any:

> "actual or simulated -
> (i) sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]

1

      (ii)     bestiality; [or]
      (iii)    masturbation; [or]
      (iv)    sadistic or masochistic abuse; or
      (v)     [the] lascivious exhibition of the genitals or pubic area of any person."

4. The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5. The term "producing" is defined, pursuant to Title 18, United States Code, Section 2256(3), as

> "producing, directing, manufacturing, issuing, publishing or advertising," and includes downloading images from another source, buy using materials, including a computer or parts thereof.

6. The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
### (Sexual exploitation of Children)

On or between October 1, 2010 and February 8, 2011, within the Southern District of Texas,

**WILLIAM CRAIG NOONAN,**

defendant herein, did employ, use, persuade, induce, entice and coerce a minor, namely O.B, to engage

in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was transmitted using any means and facility of interstate or foreign commerce, and the visual depiction was produced using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce.

**In violation of Title 18, United States Code, Section 2251(a) & (e).**

## COUNT TWO
### (Sexual exploitation of Children)

On or between June 1, 2004 and June 1, 2010, within the Southern District of Texas,

**WILLIAM CRAIG NOONAN,**

defendant herein, did employ, use, persuade, induce, entice and coerce a minor, namely R.B., to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was transmitted using any means and facility of interstate or foreign commerce, and the visual depiction was produced using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce.

**In violation of Title 18, United States Code, Section 2251(a) & (e).**

## COUNT THREE
### (Distribution Of Child Pornography)

On or between October 1, 2010, and February 8, 2011 within the Houston Division of the Southern District of Texas and elsewhere,

**WILLIAM CRAIG NOONAN,**

defendant herein, did knowingly distribute and cause to be distributed any material that contains child pornography using any means and facility of interstate and foreign commerce by any means including

computer.

**In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).**

## COUNT FOUR
### (Possession Of Child Pornography)

On or about February 8, 2011, within the Southern District of Texas,

### WILLIAM CRAIG NOONAN,

defendant herein, did knowingly possess a computer, cameras, including the SD cards contained within, and hard drives that contained multiple images of child pornography, which had been mailed or shipped and transported using any means and facility of interstate or foreign commerce or in or affecting interstate and foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, shipped, and transported in or affecting interstate and foreign commerce, by any means, including by computer or other digital media; more specifically, which contained images of child pornography.

**All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).**

## COUNT FIVE
### (Penalties for Registered Sex Offenders)

On or between October 1, 2010 and February 8, 2011, within the Southern District of Texas and elsewhere,

### WILLIAM CRAIG NOONAN,

the defendant, an individual required by Federal or other law to register as a sex offender, committed a felony offense involving a minor under Title 18, United States Code, Section 2251.

**All in violation of Title 18, United States Code, Section 2260A.**

## NOTICE OF FORFEITURE

## 18 U.S.C. § 2253(a)

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States gives the defendant notice that in the event of conviction for the offenses charged in Counts One through Five of the Indictment, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Counts One through Five; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Counts One through Five, or any property traceable to such property, including, but not limited to, the following:

an HP Pavilion Desktop Computer,

an IBM Clone (NONAME) Desktop Computer,

a Dell Inspiron Laptop,

a Kodak Easy Share digital camera,

a Freelance Digital camera,

a Casio Digital camera,

Sony PDA,

Motorola Cell phone,

Disposable camera

Western Digital hard drive,

Fitted Sheet (twin size),

Children's toys (kite, basketball bath set, indoor basketball set), and

a Samsung cell phone.

A True Bill:

Original Signature on File

———————————————
Grand Jury Foreperson

KENNETH MAGIDSON
United States Attorney

By: _____
Sherri L. Zack
Assistant United States Attorney
713-567-9374