United States District Court
Southern District of Texas
FILED

MAR 2 6 2014

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 12-691-S |
| WILLIAM CRAIG NOONAN<br>Defendant. | § § § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and Defendant, William Craig Noonan, and Defendant's counsel, pursuant to Rule **11(c)(1)(A) and 11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.      Defendant agrees to plead guilty to Count(s) One through Four of the Indictment. Counts One and Two charge Defendant with Conspiracy to Produce Child Pornography, in violation of Title 18, United States Code, § 2251(a) and (e).  Count Three charges Defendant with Distribution of Child Pornography, in violation of Title 18, United States Code, § 2252A(b)(1).  Count Four charges Defendant with Possession of Child Pornography, in violation of Title 18, United States Code, § 2252A(b)(2).  Defendant, by entering this plea, agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proven to a jury or judge beyond a reasonable doubt.

### Punishment Range

2.      The **statutory** maximum penalty for each violation of Title 18, United States Code, § 2251(a) and (e), is a term of imprisonment of not less than 25 years up to 50 years and a

fine of not more than $250,000.00. The **statutory** maximum penalty for each violation of Title 18, United States Code, § 2252A(b)(1), is a term of imprisonment of not less than 15 years up to 40 years and a fine of not more than $250,000.00. The **statutory** maximum penalty for each violation of Title 18, United States Code, § 2252A(b)(5), is a term of imprisonment of not less than 10 years up to 20 years and a fine of not more than $250,000.00.Additionally, Defendant shall receive a term of supervised release after imprisonment of at least 5 years up to Life. Title 18, United States Code, §§ 3559(a) and 3583(b). Defendant acknowledges and understands that if he/she should violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, United States Code, §§ 3559(a) and 3583(e)(3). Defendant understands that he/she cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

3.      The defendant understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep such information current in the jurisdictions where the defendant resides, is employed, and is a student. The defendant further understands that the requirement to keep the registration current includes informing such jurisdictions not later than three (3) business days after any change of the defendant's name, residence, employment or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, specifically, Title 18, United States Code, Section 2250, as well as applicable state statutes.

### Mandatory Special Assessment

4.      Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

5.      Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he/she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Waiver of Appeal

6.      Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-

conviction proceeding. In the event the Defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

7.       In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.  Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he/she may have received from his/her counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate **did not induce his/her guilty plea** and is binding on neither the United States, the Probation Office, nor the Court.  The United States does not make any promise or representation concerning what sentence Defendant will receive.  Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court.  *United States v. Booker*, 125 S.Ct. 738 (2005).   Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.       Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

### The United States' Agreements

9.       The United States agrees to each of the following:

(a)       If Defendant pleads guilty to Counts One through Four of the Indictment and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss Count Five of the Indictment at the time of sentencing;

4

(b)     At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he/she receive a two (2)- level downward adjustment under § 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines (U.S.S.G.);

(c)     If Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States may move for an additional one (1)-level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his/her role in the offense.

### Agreement Binding - Southern District of Texas Only

10.     The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment.  This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.  It does not bind any other United States Attorney.  The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

### United States' Non-Waiver of Appeal

11.     The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines.  Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

(a)     to appeal the sentence imposed or the manner in which it was determined.

5

## Sentence Determination

12.     Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, § 3553(a).  Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

13.     Defendant represents to the Court that he/she is satisfied that his/her attorney has rendered effective assistance.  Defendant understands that by entering into this Agreement, he/she surrenders certain rights as provided in this Plea Agreement.  Defendant understands that those rights include the following:

        (a)    If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

        (b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant.  Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them.  In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf.  If the witnesses for Defendant would not appear

voluntarily, he/she could require their attendance through the subpoena power of the court.

(c)   At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.  However, if Defendant desired to do so, he/she could testify on his/her own behalf.

### Factual Basis for Guilty Plea

14.   Defendant is pleading guilty because he/she is guilty of the charges contained in Count(s) One, Two, Three and Four of the Indictment.  If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.  The following facts, among others would be offered to establish Defendant's guilt:

Between May of 2010 and February 2011, William Craig Noonan (NOONAN) conspired with David Morse Barry (Barry) to produce child pornography.  The subjects of this child pornography were Barry's children, O.B. and R.B.  NOONAN and Barry met online and developed a relationship.  On several occasions, Barry and his children travelled to Houston to stay with NOONAN.  It was during these in person visits that the child pornography images of O.B., R.B., and sometimes NOONAN and/or Barry were produced.  These images were taken in NOONAN's bedroom, living room, kitchen and bathroom.  Forensic examination of NOONAN's computers revealed chat remnants which corroborate the relationship between NOONAN, Barry and the victims.  Further it established that the parties had contact via the internet and that graphic files (images) were exchanged.  Images produced by NOONAN and Barry were found on both NOONAN's and Barry's computers.  Images were also found on NOONAN's camera.

On January 14, 2011 Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) in Houston received information, from ICE HSI Dallas, regarding an

7

individual named NOONAN was is believed to be involved in the sexual exploitation of children, specifically asserting he was involved in child pornography. Dallas believed that NOONAN was involved with two other individuals in the production of child pornography and asked that Houston HSI investigate. According to ICE HSI Dallas, they were conducting an investigation of Timothy Whittington of Euless, Texas (Northern District of Texas) and executed a federal search warrant at his residence. Whittington was arrested for violations of 18 USC 2251, production of child pornography.

During the post arrest interview and in a proffer agreement, Whittington identified NOONAN whom Whittington stated that he met through Barry of Wichita Falls, TX on a nudist website called truenudist. After being introduced, Whittington traveled with his son to Noonan's residence in Houston and NOONAN traveled to Euless to Whittington's residence.

Whittington explained that while NOONAN was traveling to visit him in Euless, NOONAN called and asked if Barry and his two sons, ages 5 and 7, could visit as well. Whittington agreed. After everyone arrived they all removed their clothes, including the children. Whittington then photographed the children wrestling, doing certain wrestling poses, sitting on the couch together and by themselves. These photos were shared with NOONAN and Barry over the internet.

A thumb drive found during the search of Whittington's home revealed images of nude prepubescent male children with adult males. Whittington identified NOONAN as one of the adult males in the images. One of the images showed NOONAN sitting nude on a bed with a male child approximately 5 to 7 years of age sitting between NOONAN's legs and another naked child of around the same age sitting on NOONAN's shoulders.

Whittington positively identified NOONAN from a driver's license picture and identified

8

photographs of Noonan's home as the location he and his son visited.  Whittington provided the following email address and phone number for NOONAN:

         _ and

      On January 13, 2011 Microsoft provided account information for the above email address.  The information indicated that the account belonged to "Creg" with the last name "N" in TX with a zip code of 77072.  The Internet Protocol (IP) address associated with the account was 99.74.164.127 and that the account was registered on 3/23/10.  Microsoft provided two other IP addresses associated with the account.  On December 28, 2010 the IP addresses was 99.50.247.91 and on January 2, 2011 the IP address was the same as the one on December 28, 2010.

      An investigation into NOONAN revealed he had the above listed phone number and he was a registered sex offender.  He is required to register based on a conviction for Indecency with a Child by sexual conduct in which he was sentenced to 7 years probation.  He completed his probation and was discharged from that sentence in 2005.  This investigation revealed that another male individual resided at the residence with NOONAN.

      A summons was sent to AT&T Internet services for subscriber information for the two IP addresses.  AT&T responded by stating that the IP addresses were assigned to an account held by NOONAN's roommate at NOONAN's address.  Surveillance was conducted at this address and NOONAN was identified there by Special Agent Chappell of HSI based on NOONAN's driver's license photograph.

      On February 7, 2011 ICE HSI Dallas executed a warrant at the residence of Barry in Wichita Falls, TX.   Barry stated he had taken his sons to Euless and met up with Whittington and NOONAN.  Barry stated they were all nude at Whittington's residence and they all took

photographs together. Barry told the agents that he had taken his sons to visit NOONAN in Houston on several occasions including June 2010, December 2010 and January 2011.

On February 8, 2011 ICE-HSI Houston executed a state search warrant at NOONAN's residence. NOONAN's roommate was present. The roommate identified the computers in the home, and indicated which rooms belonged to NOONAN.

The roommate identified NOONAN, Barry, Barry's children and a blond child who is "Tim's" son. It is believed Tim is Whittington. The roommate indicated that he knew NOONAN was a registered sex offender. The roommate also stated that NOONAN and his guests, including the children, were often naked while together in the home.

NOONAN was contacted at his place of employment and returned to his home with the agents. Items found include but are not limited to: Three computers, cameras, two cell phones, children's bath toys, two hard drives and receipts.

A memory card from the seized Casio Digital camera was forensically examined and 46 files were found. Several of the files were of the Barry children with their genitals exposed. Additionally, deleted files were recovered showing NOONAN nude with a prepubescent child with the boy's penis exposed sitting in NOONAN's lap. There are several images of NOONAN with the Barry children where all three individuals are nude.

In December of 2011, SA Chappell received a report from Dallas ICE HSI regarding EXIF data recovered from a photo which was located on Barry's computer. The EXIF data matched a camera seized in the search of NOONAN's home. SA Chappell received a forensic image of Barry's hard drive from Dallas. Further analysis revealed that there were photographs of the Barry children nude or in various states of undress with NOONAN at NOONAN's residence. It can be demonstrated through the EXIF data that these photos were taken with

NOONAN's Casio camera. Some of these photographs were also recovered from NOONAN's computer and camera. Noonan distributed these images to Barry via Instant Messenger or other means via the internet. The creation dates on the photos recovered from Barry's computer indicate that he received/sent some of these images between June and December of 2010. Some of the photographs show the Barry children in Houston based on photos taken of NOONAN's residence during the execution of the search warrant. While there is no direct evidence as to who took the images of the Barry children and NOONAN at NOONAN's residence it can be proven through the roommate that Barry was present in the home when the kids visited. Additionally, the children, in their statements indicate that Barry took some of the pictures.

SA Chappell found approximately 292 images meeting the federal definition of child pornography on NOONAN's computers and camera. NOONAN and Barry produced 57 images of the identified victims. Some of the child pornography images are identified as known child pornography by the Nation Center for Missing and Exploited Children. In those instances the children have been deemed real children and under the age of 18. None of the computers, electronic media, or cameras was manufactured in the Southern District of Texas.

**Breach of Plea Agreement**

15.     If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any

information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution, Forfeiture, and Fines

16.     This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he/she has an interest, unless Defendant obtains the prior written permission of the United States.

17.     Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) by the deadline set by the United States, or if no deadline is set, prior to sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18.     Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United

12

States.

19. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Restitution**

20. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of at least $ _____. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

**Forfeiture**

21. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture: HP Pavilion Desktop Computer, IBM Clone (NONAME) Desktop Computer, Dell Inspiron Laptop, Kodak Easy Share digital camera, Freelance Digital camera, Casio Digital camera, Sony PDA, Motorola Cell phone, Disposable camera, Western Digital hard drive, Fitted Sheet (twin size), Children's toys (kite, basketball bath set, indoor basketball set), and Samsung cell phone.

22. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Rule 32.2(b)(4)(A), Fed.R.Crim.Pro.

13

23.    Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

24.    Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.  Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.  Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

25.    This written Plea Agreement, consisting of __17__ pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete Plea Agreement between the United States, Defendant, and his/her counsel.  No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement.  Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

26.    Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at __Houston__, Texas, on __March 26__, 2014.


_____
William Craig Noonan
Defendant


Subscribed and sworn to before me on __March 26__, 2014.

14

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____

Deputy United States District Clerk

APPROVED:

Kenneth Magidson
United States Attorney

By: _____

Sherri L. Zack
Assistant United States Attorney
Southern District of Texas
Telephone:
Facsimile:

_____

Larry Eastepp
Attorney for Defendant

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 12-691-S |
| | § | |
| | § | |
| WILLIAM CRAIG NOONAN | § | |
| Defendant. | § | |

### PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____
Attorney for Defendant

March 26, 2014
_____
Date

16

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me.   My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case.   I have read and carefully reviewed every part of this Plea Agreement with my attorney.  I understand this Agreement and I voluntarily agree to its terms.

_William Craig Noonan_
Defendant

_March 26TH 2014_
Date

17